IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWARD KEITH DEMBRY,**

        Petitioner,

        v.         CASE NO. 20-3279-JWL

**DON HUDSON, Warden,**
**USP-Leavenworth,**

        Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth. Petitioner proceeds *pro se* and has paid the filing fee. The Court ordered Respondent to show cause why the writ should not be granted. (ECF No. 3.) Respondent filed an Answer and Return (ECF No. 4), and Petitioner filed a Traverse (ECF No. 5). The Court dismisses the petition.

**Background**

Petitioner was convicted by jury of being a felon in possession of ammunition and was sentenced under the Armed Career Criminal Act (ACCA) to a 265-month term of imprisonment in the United States District Court for the Southern District of Iowa on November 5, 2007. *United States v. Dembry*, Case No. 06-cr-00587-JAJ, ECF No. 89 (S.D. Iowa). Petitioner appealed. On appeal, he argued that the three predicate offenses, robberies, were committed when he was 18 years old and therefore the ACCA designation was unreasonably harsh. The Eighth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *Id*. at ECF No. 98; *United States v.*

*Dembry*, 535 F.3d 798 (8th Cir. 2008).

**The Petition**

Petitioner argues the sentencing court misapplied predicate offenses for purposes of sentence enhancement under the ACCA. Petitioner asserts that the sentencing court did not properly analyze his prior convictions under the categorical approach to determine if each conviction qualified as a violent felony under the ACCA. Mr. Dembry also argues he was uncounseled for two of the predicate offenses and that "his sentence exceeds the statutory range set by Congress for his 922(g)(1) conviction of felon in possession of ammunition." (ECF No. 1 at 15.) Petitioner admits he asserted his claims "on direct appeal and in his initial § 2255" but that in each proceeding, the court failed to properly analyze the predicate offenses. (ECF No. 1 at 14.)

Mr. Dembry seeks to proceed under the savings clause in 28 U.S.C. §2255(e).

**Prior Cases**

Petitioner filed his first § 2255 motion in 2009, arguing in part that the sentencing court erred in using an uncounseled prior conviction that did not meet the criteria under the ACCA for a predicate offense. Petitioner's motion was denied, with the court finding the sentencing court correctly determined the prior robbery convictions were counseled, as affirmed by the Eight Circuit on direct appeal. *Dembry v. United States*, Case No. 09-cv-000358-JAJ, ECF Nos. 3, 4 (S.D. Iowa). The Eighth Circuit denied a Certificate of Appealability, and the Supreme Court denied Petitioner's writ of certiorari. *Id*. at ECF Nos. 15, 18.

Petitioner filed a Rule 60(b) motion in the sentencing court, which was denied as an unauthorized second or successive § 2255 motion. *Id*. at ECF No. 21. On February 1, 2013, Petitioner filed a Motion for Audita Querela, again arguing that one of the prior convictions used to give him armed career criminal status was uncounseled. The court construed the motion as a

§ 2255 motion and dismissed it as untimely. *See Dembry v. United States*, Case No. 13-cv-00050-JAJ, ECF Nos. 2, 3. The Eighth Circuit denied a Certificate of Appealability. *Id.* at ECF No. 15.

Petitioner filed another § 2255 motion in the Southern District of Iowa in 2014, this time claiming he was "actually innocent" of his armed career criminal designation. The court dismissed the motion as a second or successive § 2255 motion for which Petitioner did not receive permission to file and noted Mr. Dembry had challenged his armed career criminal designation in a prior § 2255. *See Dembry v. United States*, No. 14-cv-00183-JAJ, ECF No. 2 (S.D. Iowa). The Eighth Circuit denied a Certificate of Appealability. *Id.* at ECF No. 9.

In May 2016, Petitioner was authorized to file a successive § 2255 motion. In that motion, he argued his sentence was unconstitutional following the U.S. Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The court denied the motion, finding that "robbery under the Illinois statute is categorically a violent felony under the Act. As such, both Dembry's robbery convictions are predicate offenses for the sentencing enhancement." *See Dembry v. United States*, No. 16-cv-00231-JAJ (S.D. Iowa), ECF No. 17 at 15; *Dembry v. United States*, No. 17-2849 (8th Cir. 2019) (affirming dismissal of § 2255 motion).

Petitioner has also filed petitions under § 2241 in the Southern District of Indiana (*Dembry v. Oliver*, No. 11-cv-00210WTL-WGH (S.D. Ind.)), the Western District of Pennsylvania (*Dembry v. Trate*, No. 19-cv-00038-SPB-RAL (W.D. Pa)), and the Eastern District of Michigan (*Dembry v. Terris*, No. 1:13-CV-10991, 2013 WL 2250756 (E.D. Mich. May 22, 2013)). In the Indiana petition, Mr. Dembry argued the sentencing court considered an uncounseled prior conviction to enhance his sentence in violation of his Fifth, Sixth, and Fourteenth Amendment rights, and that § 2255 was inadequate and ineffective to test the validity of the conviction and sentence. The

court dismissed the action, finding Petitioner's prior convictions were counseled and that he had brought this same claim previously under § 2255. *Dembry v. Oliver*, ECF No. 19. Petitioner appealed, and the Seventh Circuit affirmed. *Dembry v. Oliver,* Case No. 12-1591 (7th Cir. June 13, 2012).

In the Michigan petition, Mr. Dembry argued his constitutional rights were violated by the sentencing court's use of an uncounseled conviction to designate him an armed career criminal. *Dembry v. Terris*, No. 1:13-CV-10991, ECF No. 1 at 5. He also argued his trial counsel was ineffective for failing to raise a Fourth Amendment claim. The court found the petition was a collateral attack on his sentence and not on its execution and should have been brought under § 2255. Because Mr. Dembry had not shown § 2255 was inadequate or ineffective, he was not entitled to bring a § 2241 petition. ECF No. 3 at 3. Petitioner appealed, and the Sixth Circuit affirmed. *Dembry v. Terris*, Case No. 13-1737 (6th Cir. Apr. 2, 2014). The Sixth Circuit found Mr. Dembry's first § 2255 motion was denied on the merits, and his argument that his sentencing claim was not addressed by the court in that § 2255 was not properly raised in a § 2241 petition. Moreover, to qualify for the savings clause in the Sixth Circuit, Petitioner had to show actual innocence of the charge of conviction. Because he had no new evidence that he was not a felon in possession of ammunition or that an intervening change in the law established his innocence, the savings clause was inapplicable. *Id.* at 3-4.

In the Pennsylvania petition, Petitioner again argued an uncounseled prior conviction was used to enhance his sentence. *Dembry v. Trate*, No. 19-cv-00038-SPB-RAL (W.D. Pa). That petition appears to remain pending.

On August 26, 2019, Petitioner filed a § 2241 petition in this Court, challenging the validity of his sentence as imposed. *Dembry v. English*, Case No. 19-3162-JWL (D. Kan.). Petitioner

4

claimed actual innocence of his charge of conviction based on a new decision narrowing the felon-in-possession statute, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  *Id*. at ECF No. 4, at 1.  Petitioner invoked the savings clause in § 2255(e), alleging that the remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because his prior motion resulted in a denial of relief based on "oversight, neglect, and reluctance to provide factual material."  *Id*. at ECF No. 4, at 8.

This Court dismissed the petition in Case No. 19-3162 for lack of statutory jurisdiction, finding that Petitioner failed to meet his burden to show that the remedy under § 2255 was inadequate or ineffective.  *Id*. at ECF No. 5.  The Court relied on Tenth Circuit precedent holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241."  *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  The Court held that nothing about the procedure of Petitioner's prior § 2255 motions prevented him from making this same argument despite his claim that the Supreme Court decision he sought to rely on was not in existence.

Petitioner appealed this Court's decision in Case No. 19-3162.  On December 11, 2019, after a de novo review, the Tenth Circuit issued an Order and Judgment affirming this Court's dismissal of Petitioner's petition for lack of statutory jurisdiction.  *Dembry v. Hudson*, No. 19-3224, 2019 WL 6724427 (10th Cir. Dec. 11, 2019).

On January 29, 2020, Petitioner filed another petition under § 2241 in this Court, raising the same claims he raised in Case No. 19-3162, and arguing that Tenth Circuit law did not apply to his case.  *Dembry v. Hudson*, No. 20-3158-JWL (D. Kan.).  The Court found the petition was repetitive and frivolous, dismissing it for lack of statutory jurisdiction because the savings clause of § 2255(e) did not apply.

On June 12, 2020, Petitioner filed yet another petition under § 2241 in this Court alleging that the government failed to prove beyond a reasonable doubt that he knew of the status that prohibited him from legally possessing a firearm or ammunition. *Dembry v. Hudson*, Case No. 20-3158-JWL. This Court again found that Petitioner failed to establish that a remedy under § 2255 was inadequate or ineffective and thus he could not proceed under the savings clause. The Court dismissed for lack of statutory jurisdiction and did so with prejudice because the petition was a repetitive filing. The Tenth Circuit affirmed the dismissal. *Dembry v. Hudson*, 829 F. App'x 375 (10th Cir. 2020).

**Analysis**

As the Court explained in Petitioner's earlier applications, the threshold question the Court must consider is whether Petitioner properly proceeds under 28 U.S.C. § 2241. A federal prisoner challenging his confinement may file a motion under 28 U.S.C. § 2255 to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). That remedy generally provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

There are significant limits on the § 2255 remedy. There is a one-year limitation period for filing a § 2255 motion, *see* 28 U.S.C. § 2255(f), and second or successive § 2255 motions must be based on newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). However, there is also a "savings clause" provision in § 2255 that allows a federal prisoner to proceed in the district of confinement under § 2241 if the remedy under § 2255 is shown to be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

As outlined above, Petitioner has repeatedly sought relief under § 2255. He is now unable to do so because of the one-year time bar applicable to § 2255. In addition, he does not rely on "newly discovered evidence" or "a new rule of constitutional law" as required to file a successive § 2255. It is settled in the Tenth Circuit that neither the one-year limitation period nor the restrictions imposed by §2255(h) establish that the remedy under § 2255 is inadequate or ineffective, allowing a petitioner to pursue a § 2241 action. *See Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished).

Petitioner's argument for why the savings clause should apply and he should be allowed to proceed under § 2241 is that he is actually innocent of being an armed career criminal because for two of the predicate offenses, he was uncounseled and therefore those offenses are not properly used as predicates. He also argues his sentence as enhanced by the finding that he is an armed career criminal exceeds the statutory maximum sentence for his charged crime and thus is a miscarriage of justice.

Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014) (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589 (stating that the fact that the petitioner or his counsel did not *think* of a particular argument earlier "doesn't speak to the relevant question whether § 2255 *itself*

provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

If "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584. Nothing about the procedure of Petitioner's prior § 2255 motions prevented him from making the arguments he makes here. In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n.7 (citations omitted); *see also Sandlain v. English*, 714 F. App'x 827, 830 (10th Cir. 2017) (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown v. Berkebile*, 572 F. App'x 605, 608–09 (10th Cir. 2014) (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Because Petitioner has failed to meet that burden, he may not

...

proceed under the savings clause of § 2255(e). The Court therefore lacks statutory jurisdiction in this matter and must dismiss the petition.

In addition, this matter is subject to dismissal as a repetitive filing. "A petitioner who previously filed a § 2241 petition in federal court may not file a successive habeas petition on the same issue(s), except as provided by 28 U.S.C. § 2255, if that court made a determination as to whether a writ should issue." *See Crawford v. Callahan,* No. 06-6181, 2006 WL 2981303 (10th Cir. Oct. 19, 2006) (unpublished decision) (citing 28 U.S.C. § 2244(a) and *George v. Perrill,* 62 F.3d 333, 334 (10th Cir. 1995)).

As outlined above, Petitioner has repeatedly sought relief in federal court on the same issues. The petition is plainly a successive application for relief, and in similar circumstances, the Tenth Circuit has held that dismissal with prejudice is appropriate. *See Burman v. Scibana*, 277 F. App'x 772, 2008 WL 1986250 (10th Cir. May 7, 2008) (reversing dismissal without prejudice of successive § 2241 petition and remanding for dismissal with prejudice). Accordingly, the Court will dismiss this matter with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed with prejudice** as a successive application.

**IT IS SO ORDERED**.

**Dated January 12, 2021, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**